IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CHAD NATHAN HARRIS,                        )
                                           )
                    Petitioner,            )
                                           )
vs.                                        )          Case No. 07-CV-412-JHP-FHM
                                           )
WALTER DINWIDDIE, Warden,                  )
                                           )
                    Respondent.            )

## ORDER

      This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. By Order filed November 29, 2007 (Dkt. # 16), the Court granted Petitioner's motion to file an amended petition and directed Respondent to respond or otherwise plead to the amended petition. On December 11, 2007, Respondent filed a motion to dismiss (Dkt. # 18), asserting that the one new claim, ground 5, added in the amended petition is barred by the one-year statute of limitations. See Dkt. # 18. Petitioner filed a response (Dkt. # 20) to the motion to dismiss. For the reasons discussed below, the Court finds the motion to dismiss the added claim should be granted. Ground 5, the new claim raised in the amended petition, shall be dismissed with prejudice as time-barred. Grounds 1-4 of the amended petition are identical to grounds 1-4 of the original petition, and remain pending before the Court.

### *BACKGROUND*

      Petitioner challenges his First Degree Murder conviction entered in Tulsa County District Court, Case No. CF-2003-3026. See Dkt. # 19, Ex. 1. He appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On January 30, 2006, in Case No. F-2004-

434, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the trial court. (Dkt. # 19, Ex. 1; Dkt. # 5, Ex. 1). Nothing in the record suggests Petitioner filed a petition for a writ of *certiorari* in the United States Supreme Court.

Petitioner filed an application for post-conviction relief in the state district court on January 3, 2007. See Dkt. # 19, Ex. 2. By order filed February 23, 2007, the state district court denied post-conviction relief.   See Dkt. # 19, Ex. 2; Dkt. # 5, Ex. 6.  Petitioner appealed.  By Order filed May 15, 2007, in PC-2007-248 (Dkt. # 19, Ex. 3; Dkt. # 5, Ex. 9), the OCCA affirmed the denial of post-conviction relief.

On July 27, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), identifying four (4) grounds of error. On September 4, 2007, Respondent filed a response (Dkt. # 5). On September 12, 2007, Petitioner filed a motion to amend his petition (Dkt. # 9), seeking leave to add a fifth claim. By Order filed November 29, 2007 (Dkt. # 16), the Court granted the motion to amend and Petitioner's amended petition (Dkt. # 17) was filed of record as of September 12, 2007. On December 11, 2007, Respondent filed a motion to dismiss the claim added in the amended petition, arguing that the claim is time-barred. See Dkt. # 18. Petitioner filed a response (Dkt. # 20) to the motion to dismiss.

### *ANALYSIS*

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner timely filed his original petition. The OCCA affirmed Petitioner's conviction on January 30, 2006.  Therefore, his conviction became final on April 30, 2006, after the 90 day time period for filing a petition for writ of *certiorari* in the

United States Supreme Court had lapsed.[1] See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir.

2001). Because April 30, 2006, fell on a Sunday, Petitioner had until Monday, May 1, 2006, to file

a timely petition for writ of *certiorari*. See Rule 30(1), *Rules of the Supreme Court of the United*

*States*. Petitioner had one year from May 1, 2006, or until May 1, 2007, to file a timely federal

habeas corpus petition. Before expiration of the one-year period, Petitioner filed an application for

post-conviction relief. Under 28 U.S.C. § 2244(d)(2), Petitioner's one-year limitations period was

tolled during the pendency of his application for post-conviction relief, from January 3, 2007, when

he filed his application, until May 15, 2007, when the OCCA affirmed the denial of post-conviction

relief, or for a total of 132 days. As a result, Petitioner's deadline was extended 132 beyond May

1, 2007, or to September 10, 2007. The original petition was filed on July 27, 2007, or well before

the deadline. Thus, the original petition was filed timely.

However, his "motion for leave to amend" was not filed by the Clerk of Court until

September 12, 2007, or two (2) days after the limitations deadline. The earliest possible file date for

the amended petition is September 11, 2007, the date Petitioner signed the certificate of mailing for

his motion to amend, see Dkt. # 9 at 4, reflecting the date Petitioner placed the motion in the prison

mail system. See Houston v. Lack, 487 U.S. 266 (1988). That date is one day beyond the deadline

---

[1] Petitioner asserts that he is entitled to an additional twenty (20) days after entry of the OCCA's order under the rules allowing for the filing of a petition for rehearing. See Rule 3.14(A), *Rules of the Oklahoma Court of Criminal Appeals*. Significantly, Petitioner does not allege and nothing in the record suggests that he filed a petition for rehearing. Under Rule 13(3), *Rules of the Supreme Court of the United States*, the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. If a petition for rehearing is filed and considered by the lower court, then the time for filing a petition for writ of *certiorari* runs from the date of the denial of rehearing or subsequent entry of judgment if rehearing is granted. Because Petitioner did not seek rehearing, his 90-day period for filing a petition for writ of *certiorari* began to run on January 30, 2006, when the OCCA entered its order affirming his judgment and sentence.

of September 10, 2007.

Because the amended petition was filed after expiration of the limitations period, consideration of the claims raised in the amended petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000); see also Mayle v. Felix, 545 U.S. 644, 650 (2005) (holding that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"). In his original petition, Petitioner identified four (4) claims as follows: (1) Petitioner was not provided effective assistance of counsel at trial and on direct appeal, (2) Petitioner was denied his constitutionally guaranteed right to a fair trial due to prosecutorial misconduct by the Tulsa County Assistant District Attorney James M. Hawkins, (3) Petitioner's defense was prejudiced by irrelevant, unnecessary and inadmissible evidence of other alleged crimes, wrongs, or bad acts, and (4) Petitioner has newly discovered evidence that tends to show that testimony used by the State to obtain the conviction of Petitioner was perjured and undermined the reliability of the jury's verdict. See Dkt. # 1. The first four (4) grounds of error identified in the amended petition are identical to the four (4) claims raised in the original petition. See Dkt. # 17. However, the amended petition contains a fifth ground of error: (5) "the evidence was insufficient as a matter of law to convict petition of First Degree Murder on the uncorroborated testimony of two 'accomplices.'" Id.

Although Petitioner asserts that the ground 5 claim directly relates back to the original petition, see Dkt. # 20, the Court disagrees and finds that the additional claim raised in the amended petition, ground 5, is an entirely new claim and does not relate back to the original petition. See

4

Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*").  Because a majority of amendments to § 2254 petitions raise issues which relate to the petitioner's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. Cf. United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); see also United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Petitioner's new claim asserted in the amended petition. Since Petitioner's new claim does not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow the consideration of the new claim would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant case does not serve to toll the federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition

5

is not an "application for State post-conviction or other collateral review" within the meaning of §

2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to

equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a

petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998),

Petitioner is not entitled to equitable tolling in this case.  To be entitled to equitable tolling, a habeas

petitioner must demonstrate that he has pursued his federal claims diligently.  Id.  Petitioner did not

exercise diligence in pursuing the new claim identified in the amended petition.  The new claim was

raised by Petitioner in his direct appeal.  See Dkt. # 5, Ex. 2. Thus, Petitioner should have been

aware of the claim at the time he filed his original petition. Petitioner has provided no sound

explanation for his omission of the claim. As he acknowledges in the motion to amend (Dkt. # 9),

the claim was omitted "[t]hrough inadvertence and oversight." As a result, the Court finds Petitioner

is not entitled to equitable tolling of the limitations period.  See Miller, 141 F.3d at 978. Therefore,

the new claim added in the amended petition is time-barred and shall be dismissed from this action

with prejudice.

The Court will consider only grounds 1-4 of the amended petition which are identical to

grounds 1-4 of the original petition. See Dkt. #s 1, 17. Those claims are fully briefed and are before

the Court.  No additional briefing is necessary unless the Court so orders.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1.      The original petition was timely filed.  Grounds one through four as raised in the original and

        amended petitions are fully briefed and are before the Court.

2.      The claim identified as ground five in the amended petition was filed after expiration of the

one-year limitations period.  Respondent's motion to dismiss added claim as time barred

(Dkt. # 18) is **granted**.

3.      The claim identified as ground five in the amended petition is **dismissed with prejudice** as

time-barred.

DATED THIS 8th of August, 2008.

James H. Payne
United States District Judge
Northern District of Oklahoma