## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAD NATHAN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-412-JHP-FHM |
| | ) | |
| WALTER DINWIDDIE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1), as amended (Dkt. # 17), filed by Petitioner, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 5), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 5, 6, 7, and 8). Petitioner filed a reply (Dkt. # 14). The Court previously dismissed ground 5, first asserted by Petitioner in his amended petition, as time-barred. See Dkt. # 21. For the reasons discussed below, the Court finds the remaining four grounds of error asserted in the amended petition, as timely raised in the original petition, shall be denied.

## BACKGROUND

On the evening of June 24, 2003, Otto Reichel was shot to death at a house located in Tulsa, Oklahoma, where he lived with his roommate, Brett Alan Myers. Reichel was shot eight times. A neighbor, Dan Olsen,[1] heard what may have been gunshots at about 8:40 p.m. Shortly thereafter, he saw Myers jump into a red pick up truck as it was being driven away from the house. He could not see who was driving the truck. The next day, June 25, 2003, Detective Tom Campbell of the

---

[1]     The spelling of Mr. Olsen's name is inconsistent in the record. In some places, it is spelled "Olson," while in other places it is spelled "Olsen."

Tulsa Police Department went to the house to investigate a report that a body had been found at the residence. Myers was present and initially told police he knew nothing about the events leading up to the death of Reichel. However, later on the day of his arrest, Myers gave police a full videotaped statement concerning the shooting of Reichel. Petitioner and his girlfriend, Sarah Peters, were arrested on June 29, 2003, in Dallas, Texas. They had driven to Dallas in a van owned by Tammatha "Tammy" Dobbs. Ms. Peters, who was present at the time of the shooting, gave a statement to Dallas Police and testified on behalf of the State at Petitioner's trial.

As a result of those events, Petitioner was arrested and charged with First Degree Murder in Tulsa County District Court, Case No. CF-2003-3026, After Former Conviction of a Felony. Brett Alan Myers was also charged with First Degree Murder.[2] For her role in the murder of Reichel, Sarah Peters was charged with Accessory After the Fact in Tulsa County District Court, Case No. CF-2003-3046.[3] On March 9-12, 2004, Petitioner was tried by a jury. The jury found Petitioner guilty of First Degree Murder and recommended a sentence of life without the possibility of parole. On April 12, 2004, the trial court judge modified the jury's recommendation and sentenced Petitioner to life with the possibility of parole.[4] Petitioner was represented during his criminal proceedings by attorney John C. Harris, III.

---

[2]  In exchange for his testimony at Petitioner's trial, the State amended the charge against Myers to Accessory After the Fact. On January 24, 2005, Myers entered a plea of guilty to the amended charge and was sentenced to fifteen years imprisonment.

[3]  On March 30, 2004, Peters entered a plea of guilty to the charge of Accessory After the Fact and was sentenced to ten years imprisonment, suspended.

[4]  Over Petitioner's objection, the trial judge allowed a second stage sentencing proceeding to permit introduction of Petitioner's prior felony conviction. At the time of formal sentencing, the trial judge recognized his error and, accordingly, modified the jury's recommended sentence to life imprisonment.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney James H. Lockard, an attorney with the Oklahoma Indigent Defense System, Petitioner raised the following propositions of error:

Proposition 1: The trial court committed reversible error by refusing the defense request to instruct the jury on Appellant's theory of the defense and to give the jury the option of convicting him of being an accessory after the fact.

Proposition 2: Appellant's defense was prejudiced by irrelevant, unnecessary, and inadmissible evidence of other alleged crimes, wrongs, or bad acts.

Proposition 3: The evidence was insufficient as a matter of law to convict Appellant of first degree murder on the uncorroborated testimony of two accomplices.

Proposition 4: Mr. Harris's Sixth, Eighth, and Fourteenth Amendment rights were violated by the admission of highly prejudicial and gruesome color photographs.

Proposition 5: Appellant was denied his Sixth Amendment right to the reasonably effective assistance of counsel by his trial counsel's failure to utilize available impeachment evidence in cross-examining Sarah Peters, a testifying accomplice.

Proposition 6: The accumulation of error in this case deprived Appellant of due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

See Dkt. # 5, Ex. 2.  Counsel for Petitioner filed a separate application for an evidentiary hearing on the ineffective assistance of counsel claim.  See Dkt. # 5, Ex. 3.  In an unpublished opinion filed January 30, 2006, in Case No. F-2004-434 (Dkt. # 5, Ex. 1), the OCCA rejected each claim and affirmed the Judgment and Sentence of the trial court.

On January 3, 2007, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. The state district court recognized five claims: (1) ineffectiveness of trial and appellate counsel, (2) prosecutorial misconduct, (3) abuse of discretion by trial judge, (4) newly discovered evidence that tends to show the State obtained conviction with perjured

testimony, and (5) accumulation of error deprived Petitioner of due process.  See Dkt. # 5, Ex. 6.

By order filed February 23, 2007, id., the state district court denied post-conviction relief.  Petitioner

appealed. By order filed May 15, 2007, in Case No. PC-2007-248, see Dkt. # 5, Ex. 9, the OCCA

affirmed the denial of post-conviction relief.

On July 27, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

In his original petition, Petitioner raised four grounds for relief, as follows:

Ground 1:      Petitioner was not provided effective assistance of counsel at trial and on
direct appeal.

Ground 2:      Petitioner was denied his constitutionally guaranteed right to a fair trial due
to prosecutorial misconduct by the Tulsa County Assistant District Attorney
James M. Hawkins.

Ground 3:      Petitioner's defense was prejudiced by irrelevant, unnecessary and
inadmissible evidence of other alleged crimes, wrongs, or bad acts.

Ground 4:      Petitioner has newly discovered evidence that tends to show that testimony
used by the State to obtain the conviction of Petitioner was perjured and
undermined the reliability of the jury's verdict.

See Dkt. # 1. On September 12, 2007, after receiving leave of Court, Petitioner filed an amended

petition (Dkt. # 17).  In his amended petition, Petitioner raised five grounds for relief.  The first four

grounds are identical to the four grounds raised in the original petition. By Order filed September

8, 2008 (Dkt. # 21), the Court granted Respondent's motion to dismiss and dismissed the fifth

ground as time-barred. In response to the four original claims, Respondent asserts that Petitioner's

claims do not justify relief under 28 U.S.C. § 2254(d), or are procedurally barred. See Dkt. # 5.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Respondent states that Petitioner "has exhausted his state court remedies as to most of the grounds raised; those that are not exhausted would be barred if Petitioner attempted to return to state court."  See Dkt. # 5, ¶ 5.  The Court agrees and finds that consideration of Petitioner's claims is not precluded by the exhaustion requirement.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  In this case, the OCCA adjudicated Petitioner's challenge to the admission of other crimes evidence on direct appeal. In addition, the OCCA adjudicated claims of ineffective assistance of trial and appellate counsel and Petitioner's claim of "newly discovered evidence" on post-conviction appeal.  Therefore, to the extent those claims are cognizable, they shall be reviewed pursuant to § 2254(d).

### 1.  Evidentiary rulings (ground 3)

In his third ground of error, Petitioner complains that the trial court judge allowed introduction of other crimes evidence.  First, he complains that the trial court abused its discretion in allowing evidence that he stole a pistol used in the murder. On direct appeal, the OCCA found that the evidence "was relevant to show preparation."  See Dkt. # 5, Ex. 1. Petitioner also challenges the introduction of evidence that he took a van without the owner's permission to drive to Dallas, Texas, after the murder.  Because Petitioner failed to object at trial, the OCCA reviewed this claim for plain error and found none.  See id.

A habeas court evaluates admission of "other crimes evidence" under general due process principles to determine whether evidence was "introduced that is so unduly prejudicial that it renders the trial fundamentally unfair . . . ." Payne v. Tennessee, 501 U.S. 808, 825 (1991) (citing Darden v. Wainwright, 477 U.S. 168, 179-83 (1986)); see also Estelle v. McGuire, 502 U.S. 62, 69-70 (1991); Knighton v. Mullin, 293 F.3d 1165, 1170 (10th Cir. 2002). The Tenth Circuit has held that this standard will be satisfied only if "the probative value of [the challenged] evidence is . . . greatly

outweighed by the prejudice flowing from its admission . . . ." <u>Knighton</u>, 293 F.3d at 1171 (internal quotation marks omitted).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claim on direct appeal is neither contrary to, nor an unreasonable application of, these general principles. The state appellate court's determination that the stolen gun evidence "was relevant to show preparation" was not erroneous. Furthermore, Petitioner has failed to demonstrate that the admission of the challenged evidence rendered his trial fundamentally unfair. A written instruction concerning the limited purpose of evidence of other crimes was given to the jury. <u>See</u> Dkt. # 8-9, Original Record (Instruction No. 12). Jurors are presumed to follow the judge's instructions. <u>Francis v. Franklin</u>, 471 U.S. 307, 324 n.9 (1985) ("Absent . . . extraordinary situations, . . . we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions."). Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 2. Ineffective assistance of trial counsel (part of ground 1)

In his habeas petition, Petitioner asserts several claims of ineffective assistance of trial counsel. One of those claims is that trial counsel provided ineffective assistance in failing to use available impeachment evidence in cross-examining Sarah Peters. Petitioner raised this claim on direct appeal and requested an evidentiary hearing on the claim. However, the OCCA denied the request for an evidentiary hearing and rejected the claim of ineffective assistance of trial counsel, finding as follows:

> . . . we find that Harris has not provided sufficient information in his motion for an evidentiary hearing to show by clear and convincing evidence that his trial attorney was ineffective for failing to utilize the proffered evidence. Rule 3.11(B)(3)(b)(i), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2005);

> *Strickland v. Washington*, 466 U.S. 668, 688 and 694, 104 S.Ct. 2052, 2064 and 2068, 80 L.Ed.2d 674 (1984).  Harris's motion for an evidentiary hearing and this proposition, therefore, is [sic] denied.

(Dkt. # 8, Ex. 1 at 4).

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

The impeachment evidence relied on by Petitioner is comprised of letters written by Sarah Peters to Petitioner prior to Petitioner's trial while they were both incarcerated at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail. See Dkt. # 17, attached letters. In those letters, Peters professes her love for Petitioner and claims that her statements to police inculpating Petitioner as the shooter were made "under duress."  Id.  The Court agrees with the OCCA that Petitioner's attorney did not provide ineffective assistance in failing to use the letters to impeach Peters.  Even if trial counsel performed deficiently in failing to impeach Peters with the information contained in the letters, Petitioner cannot show, in light of the other evidence presented at trial, that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Petitioner does not assert that Peters' testimony at trial conflicted with information she gave to law enforcement officials in Dallas, Texas, when she and Petitioner were arrested.  Nor does Petitioner allege that Brett Meyers' testimony conflicted with information he gave to law enforcement officials at the time of his separate arrest in Tulsa, Oklahoma.  Peters' trial testimony concerning the shooting was consistent with the trial testimony of Brett Myers. Peters testified that she saw Petitioner with a gun in his hand as Reichel entered the residence and the shooting started. See Dkt. # 8-5, Tr. Trans. Vol. III at 534-35.  She testified that Myers did not have a gun.  Id.  Myers testified that when Reichel entered the house, Petitioner had a gun in each hand and he stepped out and fired multiple shots.  Id. at 624-26. None of the evidence presented at trial supported Petitioner's claim that he was not present at the time of the shooting. Tammatha Dobbs testified that Petitioner knew the dead body found at the residence was not Brett Myers, that it was Otto Reichel and that Reichel "won't be back."  Id. at 462. Joseph Nicholas testified that he gave a ride to Petitioner, Peters, and Myers after they had ditched the red pick up

9

truck they had driven away from the residence after the shooting Id. at 724. He also testified that

Petitioner told him he did not have to worry about Reichel because "he ain't going to mess with you

any more." Id. at 729. In summary, the overall consistency of the testimony leads the Court to

conclude that Petitioner's claim of ineffective assistance of counsel based on trial counsel's failure

to impeach Sarah Peters fails because he cannot satisfy the prejudice prong of Strickland. Petitioner

has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an

unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

He is not entitled to habeas corpus relief on this claim.

### 3. Ineffective assistance of appellate counsel (part of ground 1)

As part of ground 1, Petitioner asserts that his appellate counsel provided ineffective

assistance when he failed to raise several claims of ineffective assistance of trial counsel on direct

appeal. See Dkt. # 17. He also complains that appellate counsel provided ineffective assistance

when he failed to send Petitioner a copy of the brief in chief in time for Petitioner to review the brief

and submit comments. Id. at 9. Although that claim has not been presented to the state courts and

is unexhausted, the Court finds that habeas relief should be denied. See 28 U.S.C. § 2254(b).

Petitioner has failed to demonstrate that the outcome of his appeal would have been different had

he received a copy of the brief in chief any sooner. He is not entitled to habeas corpus relief on this

claim.

Petitioner raised various claims of ineffective assistance of trial and appellate counsel in his

post-conviction appeal. Specifically, he claimed that trial counsel failed to investigate and prepare

for trial, and introduced highly prejudicial evidence during cross-examination of Brett Myers. See

Dkt. # 5, Ex. 8 at 3. He further claimed that appellate counsel provided ineffective assistance in

failing to raise these "glaring" errors, instead focusing on the claim that trial counsel provided ineffective assistance in failing to impeach Sarah Peters, a claim "based on evidence outside the record." See id. at 4. The OCCA rejected the ineffective assistance of appellate counsel claims, ruling as follows:

> We also find no merit in Petitioner's claim that Judge Gillert applied the wrong standard of review in evaluating Petitioner's claim of ineffective assistance of both trial and appellate counsel Judge Gillert correctly noted that in addition to the standard set forth in *Strickland*, this Court has also noted that failure to raise every conceivable issue on direct appeal does not, in and of itself, constitute ineffective assistance of counsel. Rather, Petitioner must show that counsel's performance was deficient *and* that the deficiency prejudiced him. We find nothing in the appeal record presented to this Court indicating that Petitioner's representation on direct appeal was deficient or that counsel's representation prejudiced him.

(Dkt. # 5, Ex. 9 (emphasis in original)). Thus, the OCCA considered and rejected on the merits Petitioner's claims of ineffective assistance of appellate counsel as identified on post-conviction appeal.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a

11

"reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal."  Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

In his amended petition for writ of habeas corpus, Petitioner complains that his appellate counsel provided ineffective assistance in failing to raise certain claims of ineffective assistance of trial counsel on direct appeal.  See Dkt. # 17.  Specifically, he alleges that trial counsel provided ineffective assistance when he failed to impeach state's witness Sarah Peters with prior inconsistent statements, failed to investigate or request funds to hire an investigator, introduced prejudicial information during cross-examination of Brett Myers, and failed to object to the prosecutor's opening statement.  Id.  With the exception of the claim concerning trial counsel's failure to object to the prosecutor's opening statement, Petitioner raised the claims of ineffective assistance of appellate counsel on post-conviction appeal.  Those claims shall be reviewed and denied under 28 U.S.C. § 2254(d).  The claim based on trial counsel's failure to object to the prosecutor's opening statement shall be denied pursuant to § 2254(b).

### i.  failure to impeach testimony of Sarah Peters

In ground 1, Petitioner claims that his trial counsel provided ineffective assistance in failing to impeach Sarah Peters with prior inconsistent statements.  As discussed in Part B(2) above, this claim was raised on direct appeal.  Petitioner does not offer further elaboration on his claim.  The fact that the OCCA denied relief on the claim does not lead to the conclusion that the claim was raised inadequately or that appellate counsel was otherwise ineffective.  Petitioner has failed to satisfy the Strickland standard as to this claim of ineffective assistance of appellate counsel.  He is not entitled to habeas corpus relief.

12

### ii.  failure to investigate or request funds to hire an investigator

Petitioner asserts that his trial counsel provided ineffective assistance in failing to investigate or to petition the trial court for funds to hire an investigator. He argues that counsel's failure to investigate was demonstrated by his inadequate cross-examination of Brett Myers and Tammy Dobbs, key witnesses for the State. Significantly, however, Petitioner fails to identify any information that could have been used to impeach either Brett Myers or Tammy Dobbs, nor has he identified information or witnesses that would have provided a defense to the crime charged. Petitioner has not demonstrated the existence of a reasonable probability that, but for counsel's failure to investigate or secure funds to hire an investigator, the result of his trial would have been different. Petitioner has not satisfied the prejudice prong of the <u>Strickland</u> standard and, as a result, his claim of ineffective assistance of trial counsel lacks merit. Having determined that the underlying claim of ineffective assistance of trial counsel lacks merit, the Court finds appellate counsel did not provide ineffective assistance in failing to raise the claims on direct appeal.  <u>Hawkins</u>, 185 F.3d at 1152.   Petitioner has failed to demonstrate that the OCCA's adjudication of this ineffective assistance of appellate counsel claim was contrary to or an unreasonable application of Supreme Court law.  Therefore, Petitioner is not entitled to habeas corpus relief on this claim.  28 U.S.C. § 2254(d).

### iii.  introduction of previously excluded evidence of another shooting

Petitioner next argues that his attorney provided ineffective assistance of counsel when, during his cross-examination of Myers, he elicited information concerning Petitioner's involvement

13

in the shooting of Dennis Rogers.[5]   The trial judge had previously ruled that any evidence

concerning the prior shooting was inadmissible.   The information elicited by defense counsel was

contained in a letter purportedly written by Myers to Tammy Dobbs, asking her to start a letter-

writing campaign to inculpate Petitioner in the shooting of Reichel.   During his cross-examination,

defense counsel asked Myers to read the "highlighted" section of the letter.   Myers complied and

read the following excerpt from the letter:

> "I love you guys.  I really need  -- I need to see you.  Remember Chad telling you to
> either shut your mouth or he will kill you when he shot Dennis.  Get my drift,
> Tammy?  That is what I need is people who don't really know me to come and say
> that they were robbed by Chad, and he told them that.  Get it, Babe?  That is my plan
> to get people against Chad and hope they remember these stories.  Once they tell the
> stories, make sure they remember it.  I seen this on Matlock."

See Dkt. # 8-5, Tr. Trans. Vol. III at 658.   Although the letter referenced the shooting of "Dennis,"

it also supported Petitioner's contention that the witnesses had conspired to pin the shooting of

Reichel on him.   Thus, the content of the letter benefitted the defense.   Furthermore, even if counsel

performed deficiently in allowing the reference to the shooting of "Dennis" to be read to the jury,

Petitioner cannot demonstrate that he suffered prejudice.   He has not shown a reasonable probability

that the result of the proceeding would have been different but for counsel's deficient performance.

Having determined that the underlying claim of ineffective assistance of trial counsel lacks merit,

the Court finds appellate counsel did not provide ineffective assistance in failing to raise the claims

on direct appeal.  Hawkins, 185 F.3d at 1152.  Petitioner has failed to demonstrate that the OCCA's

---

[5]     At the time of Petitioner's trial on the charge of First Degree Murder, filed in Case No. CF-
2003-3026, he faced separate charges of Shooting With Intent to Kill (Count 1) and Assault
and Battery (Count 2), filed in Tulsa County District Court, Case No. CF-2003-5683.  Those
charges related to the shooting of Dennis Rogers.  On December 15, 2004, Petitioner entered
pleas of guilty in that case to a reduced charge of Accessory to Shooting With Intent to Kill
and to Assault and Battery.

14

adjudication of this ineffective assistance of appellate counsel claim was contrary to or an unreasonable application of Supreme Court law.  Therefore, Petitioner is not entitled to habeas corpus relief on this claim.  28 U.S.C. § 2254(d).

### iv. failure to object to prosecutor's opening statement

Petitioner next argues that his trial counsel provided ineffective assistance in failing to object to the prosecutor's characterization of the testimony to be provided by State's witness Dan Olsen. Specifically, Petitioner complains that the prosecutor told the jury during his opening statement that Mr. Olsen would testify that he saw Brett Myers leave the residence with two other people in a red Ford Ranger pick up truck.  See Dkt. # 8-4, Tr. Trans. Vol. II at 345.  Mr. Olsen actually testified that he thought there were only two people in the truck, the driver and Brett Myers.  See Dkt. # 8-5, Tr. Trans. Vol. III at 508. Even if counsels' failure to object to the prosecutor's characterization of the testimony during his opening statement was deficient performance, Petitioner has failed to establish that he suffered prejudice as a result of the deficiency. Prior to the prosecutor's opening statement, the trial judge instructed the jury that "no statement or argument of an attorney actually is evidence."  See Dkt. # 8-4, Tr. Trans. at 335.  In addition, Petitioner's jury received a written instruction that the evidence to be considered "is the testimony received from the witnesses under oath, stipulations made by the attorneys, and the exhibits admitted into evidence during the trial." See Dkt. # 8-9, O.R. (Instruction No. 5).  In light of the instructions given to the jury, Petitioner cannot demonstrate that he was prejudiced by his attorney's failure to object to the prosecutor's characterization of Mr. Olsen's testimony. Petitioner's claim of ineffective assistance of trial counsel lacks merit.  Therefore, appellate counsel did not perform deficiently in failing to raise the claim on direct appeal.  This claim is denied pursuant to 28 U.S.C. § 2254(b).

### 4. "Newly discovered" evidence (ground 4)

In proposition 4, Petitioner alleges that he received "newly discovered" evidence entitling

him to relief from his conviction. Petitioner states that on July 6, 2006, he received a letter from his

appellate counsel describing information obtained from Richard Anderson. See Dkt. #17. Anderson

was a prisoner who claimed to have had a conversation with Brett Myers while in a holding cell at

the Tulsa County Courthouse on June 21, 2004. Id. According to information obtained from

Anderson, Myers admitted that he killed Otto Reichel. Id. Petitioner raised this claim on post-

conviction appeal. The OCCA adjudicated the claim as a request for a new trial based on newly

discovered evidence and denied relief, finding as follows:

> With regard to Petitioner's claim of newly discovered evidence, we make the
> following observations. The letter to Petitioner from appellate counsel included in
> and made part of Petitioner's post conviction appeal record, supports Judge Gillert's
> finding that this "evidence" was insufficient to grant Petitioner's request for a new
> trial. Appellate counsel's letter to Petitioner stated that he was aware of Anderson's
> claims after Petitioner's appeal had been filed, but prior to Petitioner's conviction
> being affirmed by this Court. Counsel investigated Anderson's claims, even sending
> a private investigator to speak to Anderson. Counsel discovered that Anderson was
> unwilling to sign an affidavit as to the information contained in the letter, in effect
> refusing to state, under oath that the information espoused in the letter was true. All
> of this happened prior to a decision being rendered in Petitioner's appeal. This
> unsigned letter, allegedly sent from the Tulsa County jail, by Anderson, who was
> subsequently convicted of murder, wherein he claims that a third party named
> "Brett" admitted to murdering the victim in Petitioner's case, is insufficient to
> support Petitioner's claim that he is entitled to a new trial. Further investigation of
> the claim by Petitioner's own counsel indicated that Anderson was unwilling to sign
> an affidavit verifying the information he allegedly put in this unsigned letter. We
> find no error here.
>
> Anderson's claim, even giving Petitioner the benefit of the doubt, satisfies
> only one prong of the test used to determine if a new trial should be granted, that
> being it is material to Petitioner's case. *See*, *Ellis v. State*, 1992 OK CR 45, 50, 867
> P.2d 1289, 1303. This evidence is impeachment evidence, at best; and the new
> evidence, even if introduced, as noted by Judge Gillert, would not have changed the
> outcome of Petitioner's trial.

(Dkt. # 5, Ex. 9 (emphasis in original)).

As discussed above, a habeas petitioner is not entitled to relief if his claim has been adjudicated on the merits by a state court unless that state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). There is no basis for holding that the OCCA's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, the OCCA affirmed the state district court's finding that the information contained in the letter lacked credibility. Petitioner has not demonstrated that this factual finding is clearly and convincingly incorrect. Therefore, this Court must defer to the OCCA's determination. See 28 U.S.C. § 2254(e)(1); Marshall v. Lonberger, 459 U.S. 422, 434 (1983); see also Smith v. Gibson, 197 F.3d 454, 459 (10th Cir. 1999); Church v. Sullivan, 942 F.2d 1501, 1516 (10th Cir. 1991) (finding that a federal court sitting in habeas review must treat a state court's finding regarding witness credibility as a finding of fact entitled to deference). Petitioner cannot make out a due process claim for the denial of the motion for retrial. See Giglio v. United States, 405 U.S. 150, 154 (1972). Petitioner is not entitled to habeas corpus relief on this claim.

**C. Procedural bar (part of ground 1 and ground 2)**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, the OCCA imposed a procedural bar on Petitioner's post-conviction claims of ineffective assistance of trial counsel and prosecutorial misconduct. See Dkt. # 5, Ex. 9 at 4. Citing state law, the OCCA determined that "[a] claim which could have been raised on direct appeal, but was not, is waived." Id. at 3. As a result of the OCCA's ruling on post-conviction appeal, the Court finds that part of Petitioner's ground 1 claim of ineffective assistance of trial counsel and his claim of prosecutorial misconduct (ground 2) are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise the claims on direct appeal is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In addition, the state procedural bar imposed on the prosecutorial misconduct claim is adequate to preclude habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

As to Petitioner's defaulted claims of ineffective assistance of trial counsel identified in ground 1, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns

are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court finds that the procedural bar imposed by the OCCA on Petitioner's ground 1 ineffective assistance of trial counsel claims is adequate to preclude federal habeas review. Petitioner was represented at trial by attorney John C. Harris, III. On direct appeal, Petitioner was represented by attorney James H. Lockard. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. In applying a procedural bar to Petitioner's claims of ineffective assistance of trial counsel, the OCCA specifically determined that the claims could have been but was not raised on direct appeal. See Dkt. # 11, Ex. 5 at 2. The Court agrees that each of Petitioner's defaulted claims could be resolved based on the trial record alone. However, even if his defaulted

claims could not all be resolved on the trial record alone, Petitioner has failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his ground 1 claims of ineffective assistance of trial counsel are procedurally barred.[6]

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of

---

[6]     Even if Petitioner's claims of ineffective assistance of trial counsel are not procedurally barred, they are without merit. In light of the evidence presented at trial, Petitioner has not demonstrated that the result of the proceeding would have been different but for counsel's allegedly deficient performance. Strickland, 466 U.S. at 694.

justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

The Court recognizes that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default.  See Murray, 477 U.S. at 488-89. However, the ineffective assistance of counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner raised a claim of ineffective assistance of appellate counsel on post-conviction appeal. The Court has determined above that appellate counsel did not provide ineffective assistance in failing to raise the defaulted claims of ineffective assistance of trial counsel on direct appeal. Therefore, Petitioner has failed to demonstrate "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this case, Petitioner claims that he is innocent of the crime for which he was convicted. However, he fails to make a "colorable showing" of factual innocence. He does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Court concludes

that the defaulted claims of ineffective assistance of trial counsel claims asserted in ground 1 and

the claim of prosecutorial misconduct asserted in ground 2 are procedurally barred.  Coleman, 510

U.S. at 724.  Petitioner is not entitled to habeas corpus relief on those claims.


*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not

established that he is in custody in violation of the Constitution or laws of the United States.

Therefore, his petition for writ of habeas corpus, as amended, should be denied.


**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 17), is **denied**.

2.      A separate judgment shall be entered in this matter.


**DATED** this 18th day of October 2010.


James H. Payne
United States District Judge
Northern District of Oklahoma

22